## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**   **CASE NO.  6:23-CR-00142**

**VERSUS**       **JUDGE ROBERT R. SUMMERHAYS**

**JOSEPH LAWRENCE HARRISON**  **MAGISTRATE JUDGE DAVID J. AYO**
**CODY LAJOHN WILLIAMS**
**DRAPPER LAVAR ANTHONY JR**

### SCHEDULING ORDER

A status conference was held before Magistrate Judge Ayo on December 18, 2023. Present for the Government was LaDonte Murphy. Present for defendant Joseph Lawrence Harrison (01) was Dustin Talbot. Present for defendant Cody LaJohn Williams (02) was Gerald Block.  Present for defendant Drapper Lavar Anthony, Jr. (03) was Todd Clemons.

This Court notes the prior certification of this matter as complex and the ends of justice findings already entered in the record of the case.  Accordingly;

**TRIAL** is **SET** before Judge Summerhays on May 13, 2024 at **9:15 a.m.** Trial is anticipated to last 5 days, not including jury selection. A **pretrial conference** will be **HELD**  by telephone with Magistrate Judge Ayo on  April 26, 2024 at 10:00 a.m. Attendance by trial counsel is required. The pretrial deadlines are as follows:

1. December 26, 2023
   7 days after issuance
   of scheduling order

    **Defendant's Request for Discovery.**
   Government's  response is due 7 days from
   discovery request. See Fed. R. Cr. P. 16(a)(1).

2. January 2, 2024
   15 days after

    **Government's Request for Discovery.**
   Defendant's reciprocal is due 7 days from discovery

| | |
|---|---|
| issuance of scheduling order | request. See Fed. R. Cr. P. 16(b)(1). |
| 3. March 14, 2024<br>60 days before trial | **Expert Witness Disclosure** by party with the burden of proof.<br><br>**Notice Deadline** (see e.g. Fed. R. Crim. P. 12.2, 12.3; Fed. R. Evid. 404(b), 413, 414). |
| 4. April 3, 2024<br>40 days before trial | **Expert Witness Disclosure** by party without the burden of proof. |
| 5. April 15, 2024<br>30 days before trial | **Motions Deadline** (e.g. suppression motions, Daubert motions, motions in limine, etc.). Oppositions are due 5 days after service of motion. Reply briefs accepted only with leave of court requested 3 days after service of opposition. |
| 6. April 22, 2024<br>21 days before trial | **Applications for Writ of Habeas Corpus ad testificandum** (i.e. to produce witnesses who are currently incarcerated). Such applications must describe specifically why the testimony is necessary.<br><br>**List of Foreseeable Issues, Proposed Voir Dire, Proposed Jury Instructions.** [1] |
| 7. April 24, 2024<br>2 days before Pretrial Conference | **Deadline to submit plea packet.**[2] |
| 8. April 29, 2024<br>14 days before trial | **Applications for subpoena(s)** pursuant to Fed. R. Crim. P. 17(b) (*i.e.*, Defendant unable to pay) |
| 9. May 8, 2024<br>5 days before trial | **Witness Lists** (with witnesses designated as "fact" or "expert," and the expected length of testimony).<br><br>**Exhibit Lists** and **Bench Books** are to be provided to the Court and opposing parties. [3] |

---

[1] For instructions regarding these documents, *see* Appendix, § I.

[2] *See* Appendix, § IV.

[3] Absent permission otherwise, counsel must provide 2 sets of bench books to chambers, 1 set to the Courtroom Deputy, and 1 set to each opposing party; counsel must also provide the Courtroom Deputy with a flash drive containing all trial exhibits. Prior to jury selection, counsel must deliver 1 complete set of bench books to the courtroom for the use of testifying witnesses at trial.

Witnesses or evidence called/offered solely for impeachment need not be included.

**Real Time Glossary**. Each party shall provide to the court reporter a glossary of all terms likely to be stated  on the record during trial that are technical, scientific,  medical, or otherwise uncommon.

Signed this 18th day of December, 2023 at Lafayette, Louisiana.

**DAVID J. AYO**
**UNITED STATES MAGISTRATE JUDGE**

3

# Appendix

## I.   Pretrial Conference

### A.  List of Foreseeable Issues

For discussion at the pretrial conference, counsel will file a list of **ALL** foreseeable issues that will arise on admissibility of evidence, burden of proof, and any other issues that can or must be dealt with in advance of trial. The purpose to be served is to eliminate, to the extent possible, delays during the course of the trial, and to permit advance preparation and research of issues expected to be raised at trial. The issue list will include counsel's opinion whether a pretrial hearing will be necessary to resolve any of these foreseeable issues. Examples of such issues which may require a hearing include, but are not limited to:

1. Extrinsic evidence questions under *U.S. v. Beechum*, 582 F.2d 898 (5th Cir. 1978);
2. Voluntariness of statements under 18 U.S.C. § 3501;
3. Admissibility questions; and/or
4. Any other issue resolvable by a pretrial hearing.

The following topics will also be discussed at the pretrial conference:

1. Estimated time required by each side to put on its case;
2. Marking of documents for identification;
3. Waivers of foundation of documents where possible;
4. Exchange of *curriculum vitae* of expert witnesses and/or stipulation of expert qualifications;
5. Pending discovery problems;
6. Consideration of making Jencks Act material available to the defendant <u>prior</u> to the testimony of all witnesses;
7. Jury instructions/*voir dire* problems; and
8. Any other relevant matter necessary for the smooth progress of the trial.

### B.  Proposed Voir Dire

Counsel may submit proposed voir questions pertinent to a party or the case. Counsel are <u>not</u> to duplicate questions contained in the Court's boilerplate voir dire.[4]

### C.  Jury Instructions

---

[4] The Court's boilerplate voir dire can be accessed at https://www.lawd.uscourts.gov/content/judge-robert-r-summerhays under the "Forms" tab.

Fifth Circuit Pattern Jury Instructions requested by the parties should be referenced only by their numbers. Each non-pattern instruction must be accompanied by a brief stating the statutory and/or jurisprudential authority for the instruction. Fifth Circuit authority is preferable. A simple case citation will not be sufficient.

## II.    Continuances

Any request for a continuance of the trial setting or a pretrial deadline **MUST** include the specific reasons why the scheduled trial date or pretrial deadlines do not afford sufficient time, the exact amount of additional time requested and, if the party is requesting a trial continuance, the motion **MUST** include the relevant provision(s) of 18 U.S.C. § 3161 authorizing the continuance.

## III.    Other Requirements

A courtesy copy of all material required by this Scheduling Order should be submitted directly to chambers in order to facilitate prompt attention to all matters. Courtesy copies should be e-mailed to Summerhays_courtesycopies@lawd.uscourts.gov. All electronic submissions should be in either **Microsoft Word** format.

## IV.    Guilty Plea and Sentencing Procedures

### A. Guilty Pleas

Prior to the taking of a guilty plea, counsel are to submit a plea packet to the Court, which includes each of the following documents:

1. The plea agreement;
2. An affidavit of understanding of maximum penalty and constitutional rights;
3. The elements of the offense;
4. A stipulated factual basis for the guilty plea[5]; and
5. A consent decree of forfeiture in appropriate cases.

Absent good cause, guilty pleas will not be set until after receipt of the foregoing documents, signed by defendant and all counsel.

### B. Sentencing

---

[5] Upon a showing of good cause, the Court will accept oral testimony in lieu of a written, stipulated factual basis for the guilty plea.

Presentencing memoranda must be filed by counsel under seal at least seven (7) days prior to the scheduled sentencing date, with a confidential copy submitted directly to the Probation Office. *See* LCrR 32.2. Any response thereto must be filed under seal, with a confidential copy submitted directly to the Probation Office, at least three (3) days prior to the scheduled sentencing date. The submission of a presentencing memorandum <u>does not</u> relieve the parties from the obligation of providing the probation officer with written objections to the presentence report within fourteen (14) days from the day of disclosure. *See* Fed. R. Crim. P. 32(f); LCrR 32.1.